*UNITED STATES DISTRICT COURT*
*DISTRICT OF RHODE ISLAND*

| | | |
|---|---|---|
| *JODI M. PHEASANT AND DALE PHEASANT,* | : | |
| *PLAINTIFFS* | : | |
| | : | |
| *VS.* | : | *CIVIL ACTION NO. 06-279T* |
| | : | |
| *WARD SEARS,* | : | |
| *DEFENDANT* | : | |

## *MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS*

Now comes the defendant in the above-referenced matter and moves for an order of this honorable court compelling the plaintiffs to produce documents. The defendant moves for a twenty-day order In support of this motion the defendant states that Interrogatories and Requests for Production of Documents were served upon the plaintiffs' counsel on December 20, 2006 and the defendant's counsel has received no response whatsoever.

Attached to this motion are the Interrogatories and Requests for Production of Documents.

Defendant,

Ward Sears,
by his Attorneys,
Merolla & Accetturo

__________________________
Steven B. Merolla, Esq.,
No. 4673
Kent Office Building
469 Centerville Road
Suite 206
Warwick, RI 02886
401-739-2900
401-739-2906 (fax)

CERTIFICATION

I hereby certify that on February 22, 2007, I mailed a true copy of the foregoing document to Robert J. Roughsedge, Esq., Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite No. 345, Boston, MA 02210.

________________________________

***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| *JODI M. PHEASANT AND DALE PHEASANT,* | : | |
| *PLAINTIFFS* | : | |
| | : | |
| *VS.* | : | *CIVIL ACTION NO. 06-279T* |
| | : | |
| *WARD SEARS,* | : | |
| *DEFENDANT* | : | |

INTERROGATORIES OF DEFENDANT,
WARD SEARS,
TO THE PLAINTIFF DALE PHEASANT

**DEFINITIONS:**

The term "accident" as used herein is intended to refer to the occurrence on June 17, 2004, that is the subject of your Complaint.

The terms "you," "your," and "yours" means Plaintiff DALE PHEASANT and Plaintiff's agents, servants, employees and any and all other persons acting or who have acted as a representative of Plaintiff and/or Plaintiffs.

**INTERROGATORIES:**

1. Please state your name, address, date of birth, social security number, marital status and occupation.

2. Please identify the registered owner and operator of the vehicle that you were occupying at the time of the accident including name, address, date of birth, social security number and occupation.

3. Please describe the events leading up to and including the accident, with a description of how the accident happened, what each person involved did, and

what happened in the order in which events took place. Include in your description, where you were coming from and going to, beginning your description one hour before the accident.

4. Please describe the contents of all conversations about the accident that you had with anyone either just before or just after the accident, or that you heard occurring between anyone else just before or just after the accident, including conversations between any parties or witnesses to the accident and identifying the participants of each conversation.

5. Please describe where the vehicle in which you were a passenger was located at the time of impact, with a description in relation to objects such as a stop sign, street lights or street lines.

6. What was the speed of the vehicle in which you were a passenger, when it was at the point of collision, 10 feet prior to the point of collision, and 50 feet prior to the point of collision.

7. With respect to the injuries that you allegedly suffered as a result of this accident, please state:

a. an exact description of all injuries sustained by you, naming each part of the body affected and describing the manner in which it was affected;
b. the name and address of each hospital at which you received treatment, the nature of treatment, and each date on which treatment was rendered;
c. the name, address, and medical specialty of each doctor from whom you received treatment, the nature of such treatment, and each date on which treatment was rendered;
d. the dates between which you were an inpatient at each hospital where you received treatment;
e. the dates between which you were confined to your bed at home;

f. the dates between which you were incapacitated from carrying out your usual duties; and

g. the date on which you were fully recovered from your injuries.

8. If you claim that any of your injuries remain unresolved, for each such unresolved injury:

a. describe each unresolved injury, naming the part of the body affected, and the exact nature of the unresolved condition;

b. describe the prognosis for such injury, indicating by whom such prognosis was made; and

c. indicate if such injury is permanent and, if so, indicate the extent to which it is permanent, how it will continue to affect you, and who has indicated to you that it is permanent.

9. Please set forth all injuries, illnesses, accidents, operations, and diseases that you had or have suffered or continue to suffer involving your neck, back, spine, or any other part of your body that you claim you injured in the accident in question, for a period of ten years prior to this accident and up until the present time, excluding those injuries sustained in this accident.

10. For a period of twenty-four hours prior to the accident, state whether you took any drugs, drank any alcoholic beverages of any type or nature, consumed medication of any type, nature or description, and if so, state the description of each, when taken, where, and the quantity taken.

11. Have you been involved in any motor vehicle or other accidents within the last ten years. If so, please set forth the date and place, and provide a description of how the accident happened and the injuries you sustained.

12. Please give a complete detailed accounting of each and every element of monetary loss, including lost wages, for which you seek to recover in this action, other than for pain and suffering, including, but not limited to, the dates on which each such loss or expense was incurred and the name and address of each person or entity to whom it was owed.

13. Have you ever been convicted of a felony within the last ten years or misdemeanor within the last five years in any state or foreign country? If so, please set forth the date(s); court action or other identifying number(s); the name(s) and address (es) of the court(s) relative to said conviction(s); and the crime(s) for which you were convicted.

14. Please state the names and addresses of each person, known to you or your attorney, who has any knowledge concerning any facts relating to the accident or damages allegedly resulting therefrom.

15. Please state the names and addresses of each witness you intend to call at the trial of this matter and provide a summary of the facts to which that witness is expected to testify.

16. If you, or your attorney, have obtained a written statement from anyone, including the parties to this action concerning this accident, please state the name and address of each person making the statement, the date upon which each statement was obtained, and the name and address of the person who obtained the statement.

17. Please identify each expert witness (including, without limitation medical witnesses, economists and employment experts as well as liability expert witnesses), whether employed by the plaintiff or otherwise whom the plaintiff expects to call at the trial of this case, and please state as to each such expert:

    a. the subject matter upon which each such expert is expected to testify;

b. the substance of the facts and opinions to which each such expert is expected to testify; and

c. a summary of the grounds for each opinion which it is expected will be given at trial by each such expert or which was formed by each such expert.

18. Please identify any and all documents and other things to which you referred in preparing these answers to interrogatories by supplying the date, author, summary of contents and present location.

19. Please state each and every fact upon which you rely in asserting that the defendant negligently operated his vehicle when this accident occurred.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| *JODI M. PHEASANT AND DALE PHEASANT,* *PLAINTIFFS* | : : : | |
| *VS.* | : | *CIVIL ACTION NO. 06-279T* |
| *WARD SEARS,* *DEFENDANT* | : : : | |

INTERROGATORIES OF DEFENDANT,
WARD SEARS,
TO THE PLAINTIFF JODI M. PHEASANT

**DEFINITIONS:**

The term "accident" as used herein is intended to refer to the occurrence on June 17, 2004, that is the subject of your Complaint.

The terms "you," "your," and "yours" means Plaintiff JODI M. PHEASANT and Plaintiff's agents, servants, employees and any and all other persons acting or who have acted as a representative of Plaintiff and/or Plaintiffs.

**INTERROGATORIES:**

1. Please state your name, address, date of birth, social security number, marital status and occupation.

2. Please identify the registered owner and operator of the vehicle that you were occupying at the time of the accident including name, address, date of birth, social security number and occupation.

3. Please describe the events leading up to and including the accident, with a description of how the accident happened, what each person involved did, and

what happened in the order in which events took place. Include in your description, where you were coming from and going to, beginning your description one hour before the accident.

4. Please describe the contents of all conversations about the accident that you had with anyone either just before or just after the accident, or that you heard occurring between anyone else just before or just after the accident, including conversations between any parties or witnesses to the accident and identifying the participants of each conversation.

5. Please describe where the vehicle in which you were a passenger was located at the time of impact, with a description in relation to objects such as a stop sign, street lights or street lines.

6. What was the speed of the vehicle in which you were a passenger, when it was at the point of collision, 10 feet prior to the point of collision, and 50 feet prior to the point of collision.

7. With respect to the injuries that you allegedly suffered as a result of this accident, please state:

   a. an exact description of all injuries sustained by you, naming each part of the body affected and describing the manner in which it was affected;
   b. the name and address of each hospital at which you received treatment, the nature of treatment, and each date on which treatment was rendered;
   c. the name, address, and medical specialty of each doctor from whom you received treatment, the nature of such treatment, and each date on which treatment was rendered;
   d. the dates between which you were an inpatient at each hospital where you received treatment;
   e. the dates between which you were confined to your bed at home;

f. the dates between which you were incapacitated from carrying out your usual duties; and

g. the date on which you were fully recovered from your injuries.

8. If you claim that any of your injuries remain unresolved, for each such unresolved injury:

a. describe each unresolved injury, naming the part of the body affected, and the exact nature of the unresolved condition;

b. describe the prognosis for such injury, indicating by whom such prognosis was made; and

c. indicate if such injury is permanent and, if so, indicate the extent to which it is permanent, how it will continue to affect you, and who has indicated to you that it is permanent.

9. Please set forth all injuries, illnesses, accidents, operations, and diseases that you had or have suffered or continue to suffer involving your neck, back, spine, or any other part of your body that you claim you injured in the accident in question, for a period of ten years prior to this accident and up until the present time, excluding those injuries sustained in this accident.

10. For a period of twenty-four hours prior to the accident, state whether you took any drugs, drank any alcoholic beverages of any type or nature, consumed medication of any type, nature or description, and if so, state the description of each, when taken, where, and the quantity taken.

11. Have you been involved in any motor vehicle or other accidents within the last ten years. If so, please set forth the date and place, and provide a description of how the accident happened and the injuries you sustained.

12. Please give a complete detailed accounting of each and every element of monetary loss, including lost wages, for which you seek to recover in this action, other than for pain and suffering, including, but not limited to, the dates on which each such loss or expense was incurred and the name and address of each person or entity to whom it was owed.

13. Have you ever been convicted of a felony within the last ten years or misdemeanor within the last five years in any state or foreign country? If so, please set forth the date(s); court action or other identifying number(s); the name(s) and address (es) of the court(s) relative to said conviction(s); and the crime(s) for which you were convicted.

14. Please state the names and addresses of each person, known to you or your attorney, who has any knowledge concerning any facts relating to the accident or damages allegedly resulting therefrom.

15. Please state the names and addresses of each witness you intend to call at the trial of this matter and provide a summary of the facts to which that witness is expected to testify.

16. If you, or your attorney, have obtained a written statement from anyone, including the parties to this action concerning this accident, please state the name and address of each person making the statement, the date upon which each statement was obtained, and the name and address of the person who obtained the statement.

17. Please identify each expert witness (including, without limitation medical witnesses, economists and employment experts as well as liability expert witnesses), whether employed by the plaintiff or otherwise whom the plaintiff expects to call at the trial of this case, and please state as to each such expert:

    a. the subject matter upon which each such expert is expected to testify;

b. the substance of the facts and opinions to which each such expert is expected to testify; and

c. a summary of the grounds for each opinion which it is expected will be given at trial by each such expert or which was formed by each such expert.

18. Please identify any and all documents and other things to which you referred in preparing these answers to interrogatories by supplying the date, author, summary of contents and present location.

19. Please state each and every fact upon which you rely in asserting that the defendant negligently operated his vehicle when this accident occurred.

***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| *JODI M. PHEASANT AND DALE PHEASANT,* | : | |
| *PLAINTIFFS* | : | |
| | : | |
| *VS.* | : | *CIVIL ACTION NO. 06-279T* |
| | : | |
| *WARD SEARS,* | : | |
| *DEFENDANT* | : | |

<u>REQUEST OF PRODUCTION OF DOCUMENTS OF DEFENDANT,</u>
<u>WARD SEARS,</u>
<u>TO THE PLAINTIFF DALE PHEASANT</u>

Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, the Defendant hereby requests that Plaintiff produce for inspection and copying, testing, or sampling, the following documents and tangible things at the law offices defendant's counsel within thirty (30) days from the date of this request.

**<u>DEFINITIONS</u>:**

The term "accident" as used herein is intended to refer to the occurrence on June 17, 2004, that is the subject of your Complaint.

The terms "you," "your," and "yours" means Plaintiff DALE PHEASANT, and Plaintiff's agents, servants, employees and any and all other persons acting or who have acted as a representative of Plaintiff.

**<u>REQUESTED DOCUMENTS</u>:**

1. With respect to the personal injuries that are the subject of your Complaint, any and all medical records including, but not limited to, (i) hospital records (e.g., admission summaries, histories, progress notes, nurses' notes, physicians' orders, x-rays,

laboratory reports, pharmacy receipts, diagnostic studies and reports, psychological and/or psychiatric studies or reports, and discharge summaries); (ii) physicians' records (e.g., office notes, forms completed by any physicians on Plaintiff's behalf for submission to any third party, diagnostic studies and reports, prescription records, and any correspondence from Plaintiff, Plaintiff's attorneys, or any other person(s) on behalf of Plaintiff, to Plaintiff's physician); and (iii) all statements of charges, invoices, or receipts for medical services which Plaintiff has received as a result of the accident, whether or not Plaintiff or a third party (insurance company or otherwise) paid such costs.

2. With respect to any injuries, diseases or treatment prior to or subsequent to the subject accident that involves those parts of the body injured in the accident, other than those requested production in Request No 1 above: any and all medical records including, but not limited to, (i) hospital records (e.g., admission summaries, histories, progress notes, nurses' notes, physicians' orders, x-rays, laboratory reports, pharmacy receipts, diagnostic studies and reports, psychological and/or psychiatric studies or reports, and discharge summaries); and (ii) physicians' records (e.g., office notes, forms completed by any physicians on Plaintiff's behalf for submission to any third party, diagnostic studies and reports, prescription records, and any correspondence from Plaintiff, Plaintiff's attorneys, or any other person(s) on behalf of Plaintiff, to Plaintiff's physicians).

3. All documents that have been filed by Plaintiff and/or on Plaintiff's behalf in any civil actions, and/or administrative, workers' compensation, or other proceedings to recover to Plaintiff for injuries sustained. If Plaintiff and Plaintiff's attorneys do not have the documents in their possession, custody or control, then Defendant requests that Plaintiff produce a written list of the case names of all such actions and proceedings; names and addresses of the courts and tribunals where the actions or proceedings were filed; and the civil action or other numbers or designations by which such actions and proceedings can be identified on the court's and/or tribunal's docket.

4. All correspondence, notes, memoranda, authored by Plaintiff that refer to or describe the accident and/or injuries Plaintiff allegedly suffered as a result of the accident.

5. Photographs of Plaintiff's injuries.

6. Photographs of the damage to the vehicles involved in the accident and photographs of the scene of the accident.

7. Documents regarding the damage to the vehicles involved in the accident, including, but not limited to, repairs, estimates, appraisals, invoices and receipts.

8. Documents received from Plaintiff's insurance carrier regarding property damage to Plaintiff's vehicle as a result of the accident.

9. Documents Plaintiff sent to his insurance carrier regarding property damage to Plaintiff's vehicle as a result of the accident.

10. Police and operator reports referring to this accident.

11. Plaintiff's W-2 forms, for the three years prior to the incident which is the subject of Plaintiff’s Complaint.

12. Payroll stubs or records showing Plaintiff's weekly wages for five years prior to the accident.

13. Federal Income Tax Returns (Forms 1040 and all attachments thereto) for the three years prior to the incident which is the subject of Plaintiff’s Complaint.

14. Written statements of any witnesses to the accident.

15. Written notices evidencing Plaintiff's times out of work from injuries allegedly suffered as the result of the accident.

16. Written notices of the date, place and cause of Plaintiff's injuries given by Plaintiff to Defendant at any time.

17. Written notices of the incident out of which this lawsuit arose.

18. Any documents that Plaintiff intends to submit as evidence at trial.

19. All reports or correspondence containing opinions of any expert who you intend to call as a witness at trial.

20. All reports or correspondence containing opinions of any expert who you have retained.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| *JODI M. PHEASANT AND DALE PHEASANT,* | : | |
| *PLAINTIFFS* | : | |
| | : | |
| *VS.* | : | *CIVIL ACTION NO. 06-279T* |
| | : | |
| *WARD SEARS,* | : | |
| *DEFENDANT* | : | |

REQUEST OF PRODUCTION OF DOCUMENTS OF DEFENDANT,
WARD SEARS,
TO THE PLAINTIFF JODI PHEASANT

Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, the Defendant hereby requests that Plaintiff produce for inspection and copying, testing, or sampling, the following documents and tangible things at the law offices defendant's counsel within thirty (30) days from the date of this request.

**DEFINITIONS:**

The term "accident" as used herein is intended to refer to the occurrence on June 17, 2004, that is the subject of your Complaint.

The terms "you," "your," and "yours" means Plaintiff JODI PHEASANT, and Plaintiff's agents, servants, employees and any and all other persons acting or who have acted as a representative of Plaintiff.

**REQUESTED DOCUMENTS:**

1. With respect to the personal injuries that are the subject of your Complaint, any and all medical records including, but not limited to, (i) hospital records (e.g., admission summaries, histories, progress notes, nurses' notes, physicians' orders, x-rays, laboratory reports, pharmacy receipts, diagnostic studies and reports, psychological

and/or psychiatric studies or reports, and discharge summaries); (ii) physicians' records (e.g., office notes, forms completed by any physicians on Plaintiff's behalf for submission to any third party, diagnostic studies and reports, prescription records, and any correspondence from Plaintiff, Plaintiff's attorneys, or any other person(s) on behalf of Plaintiff, to Plaintiff's physician); and (iii) all statements of charges, invoices, or receipts for medical services which Plaintiff has received as a result of the accident, whether or not Plaintiff or a third party (insurance company or otherwise) paid such costs.

2. With respect to any injuries, diseases or treatment prior to or subsequent to the subject accident that involves those parts of the body injured in the accident, other than those requested production in Request No 1 above: any and all medical records including, but not limited to, (i) hospital records (e.g., admission summaries, histories, progress notes, nurses' notes, physicians' orders, x-rays, laboratory reports, pharmacy receipts, diagnostic studies and reports, psychological and/or psychiatric studies or reports, and discharge summaries); and (ii) physicians' records (e.g., office notes, forms completed by any physicians on Plaintiff's behalf for submission to any third party, diagnostic studies and reports, prescription records, and any correspondence from Plaintiff, Plaintiff's attorneys, or any other person(s) on behalf of Plaintiff, to Plaintiff's physicians).

3. All documents that have been filed by Plaintiff and/or on Plaintiff's behalf in any civil actions, and/or administrative, workers' compensation, or other proceedings to recover to Plaintiff for injuries sustained. If Plaintiff and Plaintiff's attorneys do not have the documents in their possession, custody or control, then Defendant requests that Plaintiff produce a written list of the case names of all such actions and proceedings; names and addresses of the courts and tribunals where the actions or proceedings were filed; and the civil action or other numbers or designations by which such actions and proceedings can be identified on the court's and/or tribunal's docket.

4. All correspondence, notes, memoranda, authored by Plaintiff that refer to or describe the accident and/or injuries Plaintiff allegedly suffered as a result of the accident.

5. Photographs of Plaintiff's injuries.

6. Photographs of the damage to the vehicles involved in the accident and photographs of the scene of the accident.

7. Documents regarding the damage to the vehicles involved in the accident, including, but not limited to, repairs, estimates, appraisals, invoices and receipts.

8. Documents received from Plaintiff's insurance carrier regarding property damage to Plaintiff's vehicle as a result of the accident.

9. Documents Plaintiff sent to his insurance carrier regarding property damage to Plaintiff's vehicle as a result of the accident.

10. Police and operator reports referring to this accident.

11. Plaintiff's W-2 forms, for the three years prior to the incident which is the subject of Plaintiff’s Complaint.

12. Payroll stubs or records showing Plaintiff's weekly wages for five years prior to the accident.

13. Federal Income Tax Returns (Forms 1040 and all attachments thereto) for the three years prior to the incident which is the subject of Plaintiff’s Complaint.

14. Written statements of any witnesses to the accident.

15. Written notices evidencing Plaintiff's times out of work from injuries allegedly suffered as the result of the accident.

16. Written notices of the date, place and cause of Plaintiff's injuries given by Plaintiff to Defendant at any time.

17. Written notices of the incident out of which this lawsuit arose.

18. Any documents that Plaintiff intends to submit as evidence at trial.

19. All reports or correspondence containing opinions of any expert who you intend to call as a witness at trial.

20. All reports or correspondence containing opinions of any expert who you have retained.