***UNITED STATES DISTRICT COURT***
***DISTRICT OF RHODE ISLAND***

| | | |
|---|---|---|
| *JODI M. PHEASANT AND DALE PHEASANT,* | : | |
| *PLAINTIFFS* | : | |
| | : | |
| *VS.* | : | *CIVIL ACTION NO. 06-279T* |
| | : | |
| *WARD SEARS,* | : | |
| *DEFENDANT* | | |

***MOTION OF DEFENDANT TO COMPEL MORE RESPONSIVE PRODUCTION OF DOCUMENTS FROM PLAINTIFF JODI M. PHEASANT***

Now comes the defendant, WARD SEARS, and move for an order of this Honorable Court compelling the plaintiff, JODI M. PHEASANT, to provide the following documents. The defendant requests a twenty (20)-day order for compliance.

**Request 1:**
With respect to the personal injuries that are the subject of your Complaint, any and all medical records including, but not limited to, (i) hospital records (e.g., admission summaries, histories, progress notes, nurses' notes, physicians' orders, x-rays, laboratory reports, pharmacy receipts, diagnostic studies and reports, psychological and/or psychiatric studies or reports, and discharge summaries); (ii) physicians' records (e.g., office notes, forms completed by any physicians on Plaintiff's behalf for submission to any third party, diagnostic studies and reports, prescription records, and any correspondence from Plaintiff, Plaintiff's attorneys, or any other person(s) on behalf of Plaintiff, to Plaintiff's physician); and (iii) all statements of charges, invoices, or receipts for medical services which Plaintiff has received as a result of the accident, whether or not Plaintiff or a third party (insurance company or otherwise) paid such costs.

**Response 1: See the attached medical records and bills from the following sources:**

a. Lawrence & Memorial Hospital, New London, CT;

b. Claysburg Medical Associates, Inc., Claysburg, PA;

c. ProCare Health and Fitness;

d. Nason Hospital, Roaring Spring, PA;

e. Altoona Regional Health System, Altoona, PA;

f. University Orthopedics Center, Altoona, PA;

g. Unversity of Pittsburg Medical Center, Pittsburg, PA; and

h. First Choice Auto Insurance.

i. Medical bill from Ocean Radiology Associates

***<u>Motion with respect to Request 1</u>:*** *The plaintiff seeks to recover damages and expenses related to the injuries she alleges were caused by the accident underlying this action. The plaintiff has not produced medical records and billing for the following:*

1. *Billing statement for Waterford Ambulance Service.*
2. *Billing statements for treatment provided by Dr. Bulger.*
3. *Billing statements for treatment provided by Nason Hospital*
4. *Medical records associated with bill statement in the amount of $2000.00 for services rendered by Dr. Thomas Braun on January 2, 2005.*

*Pursuant to Fed. R. Civ. P. 26(b)(1), the plaintiff is required to produce documents which are in her care, custody or control. The defendant moves for production of these documents.*

**<u>Request 2</u>:**

With respect to any injuries, diseases or treatment prior to or subsequent to the subject accident that involves those parts of the body injured in the accident, other than those requested production in Request No 1 above: any and all medical records including, but not limited to, (i) hospital records (e.g., admission summaries, histories, progress notes, nurses' notes, physicians' orders, x-rays, laboratory reports, pharmacy receipts, diagnostic studies and reports, psychological and/or psychiatric studies or reports, and discharge summaries); and (ii) physicians' records (e.g., office notes, forms completed by any physicians on Plaintiff's behalf for submission to any third party, diagnostic studies and reports, prescription records, and any correspondence from Plaintiff, Plaintiff's attorneys, or any other person(s) on behalf of Plaintiff, to Plaintiff's physicians).

**<u>Response 2</u>: See medical records and bills produced in response to Request 1.**

*<u>Motion with respect to Request 2</u>: The plaintiff seeks to recover damages and expenses related to the injuries to her jaw that she alleges were caused by the accident underlying this action. The plaintiff has not produced medical records relating to her prior treatment by her orthodontist or regular dentists and other health care providers. Specifically, prior to the accident, the plaintiff wore brace on her upper and lower teeth, and had her wisdom teeth*

*removed. The plaintiff's response "See medical records and bills produced in response to Request 1" (Request 1 pertains to medical records for treatment after the accident) is not responsive. Pursuant to Fed. R. Civ. P. 26(b)(1), the plaintiff if required to produce documents which are in her care, custody or control. The defendant moves for production of these documents.*

**Request 7:**

Documents regarding the damage to the vehicles involved in the accident, including, but not limited to, repairs, estimates, appraisals, invoices and receipts.

**Response 7: None at this time. The Plaintiff reserves the right to supplement this answer at a later date.**

***Motion with respect to Request 7:*** *Pursuant to Fed. R. Civ. P. 26(b)(1), the plaintiff if required to produce documents which are in her care, custody or control. The defendant moves for production of these documents.*

**Request 13:**

Federal Income Tax Returns (Forms 1040 and all attachments thereto) for the three years prior to the incident which is the subject of Plaintiff's Complaint.

**Response 13: The Plaintiff objects to this Request on the grounds that it seeks information that is irrelevant to the subject matter of this action and that such information will be inadmissible at trial and will not reasonably lead to the discovery of information that will be admissible. Without waiving that objection, the Plaintiff refers to the produced federal and state tax forms.**

***Motion with respect to Request 13:*** *The plaintiff seeks to recover lost wages resulting from the accident underlying this instant suit. The plaintiff produced her federal tax returns for the years of 2004 and 2005, she has not produced the requested Federal Income Tax Returns (Forms 1040 and all attachments thereto) for the years 2001, 2002, and 2003. Pursuant to Rule 26, the Plaintiff's response is not appropriate. Pursuant to Fed. R. Civ. P. 26(b)(1), the plaintiff is required to produce documents which are in her care, custody or control. The defendants move for production of these documents.*

Defendant,
by his Attorneys,
Merolla & Accetturo

___________________________

Steven B. Merolla, Esq., (4673)
469 Centerville Road, Suite 206
Warwick, RI 02886
401-739-2900
401-739-2906 (fax)

**CERTIFICATION**

I hereby certify that on March ____, 2007, I mailed a true copy of the foregoing document to Robert J. Roughsedge, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210.

_____________________________________