*UNITED STATES DISTRICT COURT*
*DISTRICT OF RHODE ISLAND*

| | | |
|---|---|---|
| *JODI M. PHEASANT AND DALE PHEASANT,* | : | |
| *PLAINTIFFS* | : | |
| | : | |
| *VS.* | : | *CIVIL ACTION NO. 06-279T* |
| | : | |
| *WARD SEARS,* | : | |
| *DEFENDANT* | | |

***MOTION OF DEFENDANT TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES FROM PLAINTIFF JODI M. PHEASANT***

Now comes the defendant, WARD SEARS, and move for an order of this Honorable Court compelling the plaintiff, JODI M. PHEASANT, to provide the following answers to Interrogatories. The defendant requests a twenty (20)-day order for compliance.

**Interrogatory 4:**
Please describe the contents of all conversations about the accident that you had with anyone either just before or just after the accident, or that you heard occurring between anyone else just before or just after the accident, including conversations between any parties or witnesses to the accident and identifying the participants of each conversation.

**Answer 4:**

**The Plaintiff objects to this interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine and/or Fed. R. Civ. P. 26(b)(3-4). Without waiving the objection, the Plaintiff states none at this time.**

*Motion with respect to Answer 4:*

*The Interrogatory seeks the contents of conversations that occurred just before and after the accident. (e.g., conversations of witnesses, parties to the action, responding police officers, and rescue personnel), therefore; these conversation would not invoke the attorney-client privilege or the work product doctrine. Pursuant to Fed. R. Civ. P. 26, the defendant requests that the plaintiff's objection be stricken and the plaintiff be required to answer without objection.*

**<u>Interrogatory 10</u>:**

For a period of twenty-four hours prior to the accident, state whether you took any drugs, drank any alcoholic beverages of any type or nature, consumed medication of any type, nature or description, and if so, state the description of each, when taken, where, and the quantity taken.

**<u>Answer 10</u>:**

**The Plaintiff objects to this Interrogatory on the grounds that it seeks information that is irrelevant to the subject matter of this action and that such information will be inadmissible at trial and will not reasonably lead to the discovery of information that will be admissible. Without waiving that objection, Jodi Pheasant states that she was taking the medication Synthroid.**

*<u>Motion with respect to Answer 10:</u>*

*The plaintiff has alleged numerous injuries resulting from the accident, and as such, the type(s) of medication could indicate prior medical conditions relating to the injuries the plaintiff alleges resulted from the accident underlying this suit. Pursuant to Fed. R. Civ. P. 26, the defendant requests that the plaintiff's objection be stricken and the plaintiff be required to answer without objection.*

**<u>Interrogatory 16</u>:**

If you, or your attorney, have obtained a written statement from anyone, including the parties to this action concerning this accident, please state the name and address of each person making the statement, the date upon which each statement was obtained, and the name and address of the person who obtained the statement.

**<u>Answer 16</u>:**

**The Plaintiff objects to this interrogatory to the extent that it seeks information protected from disclosure by the work product doctrine. Without waiving the objection, the Plaintiff states none at this time.**

*<u>Motion with respect to Answer 16:</u>*

*The Interrogatory seeks the identification of documents containing statements concerning the accident, and not the contents of such statements/documents. Pursuant to Fed. R. Civ. P. 26(a)(1)&(b)(1), the defendant requests that the plaintiff's objection be stricken and the plaintiff be required to answer without objection.*

**<u>Interrogatory 18</u>:**

Please identify any and all documents and other things to which you referred in preparing these answers to interrogatories by supplying the date, author, summary of contents and present location.

**<u>Answer 18</u>:**

**Plaintiff objects to this Interrogatory on the grounds that it calls for conjecture and speculation. Furthermore, this Interrogatory seeks information, which if provided, would reveal the mental impressions, conclusions, opinions and legal theories of plaintiff's counsel. Notwithstanding said objection, plaintiff states the complaint, the police report, and the medical records produced in response to the Defendant's Request for the Production of the Documents.**

*<u>Motion with respect to Answer 18:</u>*

*The Interrogatory seeks the identification of documents which the plaintiff referred to in preparing her answers, of which are relevant to the subject matter involved in the underlying suit. Pursuant to Fed. R. Civ. P. 26(b)(1), the defendant requests that the plaintiff's objection be stricken and the plaintiff be required to answer without objection.*

Defendant,
by his Attorneys,
Merolla & Accetturo

_/S/ Steven B. Merolla_____
Steven B. Merolla, Esq., (4673)
469 Centerville Road, Suite 206
Warwick, RI 02886
401-739-2900
401-739-2906 (fax)

## CERTIFICATION

I hereby certify that on April 3, 2007, I mailed a true copy of the foregoing document to Robert J. Roughsedge, Lawson & Weitzen, LLP, 88 Black Falcon Avenue, Suite 345, Boston, MA 02210.

_/S/ Steven B. Merolla_____
Steven B. Merolla